OPINION OF THE COURT
Alan J. Saks, J.
Petition pursuant to Insurance Law § 5218, seeking leave to *666 sue the Motor Vehicle Accident Indemnification Corporation (MVAIC), submitted on default, is dismissed.
This special proceeding was commenced by filing of the notice of petition and petition with the County Clerk on May 4, 1994. As then filed, the proceeding was returnable on May 20, 1994. Those papers were not served. Instead, MVAIC was personally served on December 15, 1994 with a newly issued notice of petition and petition returnable January 4, 1995 but bearing the same index number as that assigned to the May 1994 filing. CPLR 306-b requires proof of service of a summons to be filed within 120 days after the summons is filed. In a special proceeding where the period of limitations for commencement is four months or less, CPLR 306-b requires that proof of service be filed within 15 days after the expiration of the short Statute of Limitations involved. Where, as here, the period of limitations for commencement of a special proceeding is more than four months, CPLR 306-b is silent as to the time of required filing of proof of service. However, the statutorily required time may be inferred by reading CPLR 306-b in conjunction with CPLR 105 (b), which equates the summons in an action with the petition in a special proceeding and which defines "action” to include a special proceeding. Since the notice of petition bore only the index number assigned on May 4, 1994 and was not served and proof thereof filed within 120 days of May 4, 1994, proof of service was not timely filed. Therefore, pursuant to CPLR 306-b, the proceeding was deemed dismissed.
Accordingly, the proceeding is dismissed without prejudice and without costs.